RECEIVED JUN 1 7 2005

UNITED STATES DISTRICT COURT
FOR THE STATE OF COLORADO

99-cv-00896-MSK-PAC

Civil Action No. ~~99-D-896-OES~~

LOTHAR ESTENFELDER,

     Plaintiff,

v.

THE GATES CORPORATION, d/b/a GATES RUBBER COMPANY,

     Defendant.

---

## PRETRIAL ORDER

---

### 1. DATE AND APPEARANCES

The Pretrial Conference was held on June 22, 2005, attended by Brent T. Johnson, Fairfield and Woods, P.C. for Plaintiff Lothar Estenfelder, and Janet Savage, Davis, Graham & Stubbs, for Defendant The Gates Corporation, d/b/a The Gates Rubber Company.

### 2. JURISDICTION

This Court has jurisdiction over Plaintiff's Federal claims pursuant to 28 U.S.C. § 1331. Plaintiff asserts that the Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Defendant denies that the Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

648927v1

### 3. CLAIMS AND DEFENSES

**A.     Plaintiff's Claims.** Mr. Estenfelder was born in Germany on July 24, 1936. He was employed by the Gates Corporation ("Gates") for over 35 years. During Mr. Estenfelder's career with Gates he advanced to the level of President of Gates Europe and Group President of European rubber operations. In this capacity, he had operational responsibility for all of Gates' activities throughout Europe.

In mid 1996, Gates was acquired by Tomkins PLC, headquartered in London. Thereafter, Gates' management made derogatory comments about Germans and older workers, and Gates has engaged in a pattern and practice of age discrimination. Gates embarked on a campaign to force Mr. Estenfelder out of the company by spreading information that he was about to retire and by reassigning his responsibilities to younger managers not of German national origin. Mr. Estenfelder and Gates began to discuss the possibility of a negotiated resignation, but Gates reneged on the benefits that it initially offered Mr. Estenfelder, and no agreement was executed. Gates nonetheless claimed that Mr. Estenfelder had retired and terminated his employment effective July 1, 1997.

Mr. Estenfelder claims that his duties were dramatically reduced, he was not offered positions for which he was the best qualified candidate, and he was discharged, all because of his age, (60 years of age at the time of his discharge) in violation of the Age Discrimination in Employment Act ("ADEA") and because of his German national origin in violation of Title VII of the 1964 Civil Rights Act ("Title VII"). He also claims that Gates engaged in outrageous conduct and intentionally inflicted emotional distress upon him. He also claims that Gates is estopped from claiming that Mr.

Estenfelder voluntarily retired, or, alternatively, that Gates should be required to fulfill the promises and representations made to Mr. Estenfelder in the event that he were to be found to have retired.

Mr. Estenfelder seeks monetary damages including back pay and benefits. He also seeks reinstatement or front pay and benefits. He seeks liquidated damages under the ADEA, compensatory and punitive damages and pre- and post-judgment interest. He also seeks his costs and attorneys' fees.

**B.     Defendant's Claims and Defenses.** Plaintiff started working for Gates in November 1961. Over the course of the next thirty-six years, Plaintiff held a variety of positions with the company, some of which required Plaintiff to work in foreign countries. In June 1992, Plaintiff was transferred from the United States to Belgium to serve as President of Gates' European operations ("Gates Europe").

In July 1996, Gates was purchased by Tomkins plc ("Tomkins"), a company based in London, England. After the acquisition and after consultation with his direct reports, John Riess ("Riess") decided to restructure Gates by product line which resulted in restructuring of Gates' European operations. Plaintiff had several options related to his employment, including, but not limited to, the following: (1) Gates offered Plaintiff the opportunity to remain in his current position with some changes in his job responsibilities, but no change in compensation or benefits; (2) when Plaintiff rejected the first option and indicated his intent to retire, Gates then offered him the additional option of a new position in the United States without any change in compensation or benefits and a three year employment guarantee; or (3) Plaintiff could retire under the severance and

retirement plans applicable to him.  All of Gates' senior management were affected by this restructuring.

After Riess made the decision to restructure, Plaintiff announced to the senior management and a number of other management employees that he had decided to retire from Gates.  After making this announcement, he proceeded to negotiate with the company to obtain an increase in his severance and retirement benefits.  When negotiations broke down over the increase that he was trying to negotiate, Plaintiff threatened lawsuits in several countries and unilaterally announced that he was being forced out of Gates, and had not in fact retired.

Gates denies that it terminated Plaintiff from his employment with the company and alleges that Plaintiff chose the option of retirement in lieu of performing his job as President of Gates' European operations or performing a new job that he perceived to have a lower level of responsibility. Gates had legitimate, non-discriminatory reasons for its actions. Indeed, Plaintiff has no facts to support his claim that his age or national origin played a role in the decision to restructure his position. Gates was entitled to rely on Plaintiff's announcement of retirement and cannot be held liable because Plaintiff did not like the severance and retirement benefits applicable to him. Nor has Plaintiff presented sufficient evidence to support his promissory estoppel or outrageous conduct claims.

Gates asserts the following additional defenses: failure to state a claim on which relief may be granted, statute of limitations, estoppel, waiver, release, failure to mitigate damages, if any, damages subject to statutory limitations, lack of subject matter jurisdiction over Plaintiff's state law claims, bad faith, res judicata, and collateral estoppel.

## 4. STIPULATIONS

The parties stipulate as follows:

1.      Mr. Estenfelder's date of birth is July 24, 1936, he is of German national origin, and is a long-time naturalized citizen of the United States.

2.      Mr. Estenfelder began employment with Gates in November, 1961.

3.      In 1993, John Riess became President of Gates.

4.      Gates was acquired by Tomkins plc effective July 26, 1996.  Prior to that date, Gates was principally owned by members of the Gates family.

5.      Mr. Estenfelder's employment with Gates ended on or about July 1, 1997.

## 5. PENDING MOTIONS

Estenfelder's Motion to Allow Updates to Damages Calculations By Plaintiff's Damages Expert, filed on May 20, 2005, is pending. Estenfelder anticipates filing a Motion for Summary Adjudication with Respect to Gate's Defense of Statute of Limitations. The parties anticipate refiling the motions in limine that they had previously filed with the Court, and possibly additional motions in limine. *The deadline for filing motions in limine is 45 days before the final trial prep conference August 16, 05.  See 10-3-03 Trial Prep. Order at 7.*

## 6. WITNESSES

A.      **Plaintiff's non-expert witnesses who will testify.**

1.      Lothar Estenfelder, 9 Cherry Lane Drive, Englewood, Colorado 80110.  Mr. Estenfelder is the Plaintiff in this action and will testify regarding all matters relating to this action, including his work history at Gates, the acquisition of Gates by Tomkins, discriminatory comments

made about older workers and his German national origin, the changes in his job duties in 1997, the failure of the company to offer him any of the positions that were given to less qualified, younger, non-German executives in 1997, promises made to him regarding severance and other benefits, attempts to negotiate a mutually agreeable separation with Gates, failure of those negotiations, Gates' termination of his employment, Gates' outrageous conduct towards him, the damages he has suffered as a result of Gates' actions, and any other matters in dispute or that were addressed in his deposition.

2.      Mr. John Riess, 2717 Castle Glen Drive, Castle Rock, Colorado 80104. Mr. Riess will testify regarding Mr. Estenfelder's job performance and qualifications, the acquisition by Tomkins, the 1997 reorganization, discussions with and about Mr. Estenfelder, the events leading to Mr. Estenfelder's termination, efforts to replace Mr. Estenfelder, his own departure from Gates, and any other issues addressed in his deposition. Mr. Riess will be called as an adverse witness. Plaintiff will present his testimony live or by deposition. Defendant objects to the presentation of this witnesses' testimony by deposition on the grounds that such testimony is not admissible under F. R. Evid. 801 or 804.

3.      Mr. Dennis R. Ahlman, 4690 W. Geddes Ave., Littleton, Colorado 80128-2518. Mr. Ahlman. will testify regarding preparation of retirement benefit estimates, company benefit plans, Mr. Estenfelder's job performance, qualifications, and work history with Gates, the acquisition of Gates by Tomkins, Gates' reorganization plans and actions, discussions with and about Mr. Estenfelder in 1997, efforts to replace Mr. Estenfelder, Mr. Riess' departure from Gates, his own departure from Gates, severance benefits and agreements offered to other employees, and any other

issues addressed in his deposition. Mr. Ahlman will be called as an adverse witness. Plaintiff will present his testimony live or by deposition. Defendant objects to the presentation of this witnesses' testimony by deposition on the grounds that such testimony is not admissible under F. R. Evid. 801 or 804.

4.      Mr. Al Stecklein, Gates Rubber Co., Denver, Colorado 80209. Mr. Stecklein will testify regarding Mr. Estenfelder's job performance, qualifications, and work history with Gates, the acquisition of Gates by Tomkins, Gates' reorganization plans and actions, discussions with and about Mr. Estenfelder in 1997, efforts to replace Mr. Estenfelder, and any other issues addressed in his deposition. Mr. Stecklein will be called as an adverse witness. Plaintiff will present his testimony live or by deposition. Defendant objects to the presentation of this witnesses' testimony by deposition on the grounds that such testimony is not admissible under F. R. Evid. 801 or 804.

**B.      Plaintiff's non-expert witnesses who may testify.**

1.      Mr. Marshall Wallach, The Wallach Company, 1401 17th Street, Suite 750, Denver, Colorado 80202. Mr. Wallach may testify concerning the acquisition by Tomkins, conversations with Mr. Muddimer and Mr. Estenfelder, the reorganization in 1997, and Gates benefit plans. Mr. Wallach would be called as an adverse witness. Plaintiff will present his testimony live or by deposition. Defendant objects to the presentation of this witnesses' testimony by deposition on the grounds that such testimony is not admissible under F. R. Evid. 801 or 804.

2.      Mr. Richard Bell, Gates Rubber Co., Denver, Colorado 80209. Mr. Bell may testify regarding comments about Germans and older workers, the acquisition of Gates by Tomkins, his discussions with representatives from Tomkins, his work with Mr. Estenfelder, his transfer to the

U.S., the 1997 reorganization, his expectation that the reorganization might cause Mr. Estenfelder to retire, the termination of Mr. Macchiarulo, discussions with Mr. Estenfelder, efforts to replace Mr. Estenfelder, Mr. Riess's departure from Gates, employee layoffs at Gates, and any other issues addressed in his deposition. Mr. Bell would be called as an adverse witness.  Plaintiff will present his testimony live or by deposition.  Defendant objects to the presentation of this witnesses' testimony by deposition on the grounds that such testimony is not admissible under F. R. Evid. 801 or 804.

3.      Mr. Jim Nelson, Gates Rubber Co., Denver, Colorado 80209. Mr. Nelson may testify to matters relating to Mr. Estenfelder's employment during 1997, including conversations and negotiations with Mr. Estenfelder and his counsel, the 1997 reorganization, and any other issues addressed in his deposition. Mr. Nelson would be called as an adverse witness.  Plaintiff will present his testimony live or by deposition. Defendant objects to the presentation of this witnesses' testimony by deposition on the grounds that such testimony is not admissible under F. R. Evid. 801 or 804.

4.      Mr. Joe Hershfeldt, 8170 W. Phillips Ave., Littleton, Colorado 80123.  Mr. Hershfeldt may testify regarding Gates' pattern and practice of age discrimination.

5.      Mr. Irnie Pierce, 7814 S. Eudora Circle, Littleton, Colorado 80122. Mr. Pierce may be called to testify regarding Gates' employment practices with respect to older workers after the take-over by Tomkins.

6.      Mo Heshmati, 5310 Pinyon Jay Rd., Parker, CO 80134, 720-851-2322.  Mr. Heshmeti may testify regarding statements made in 1997 by Mr. Muddimer to the effect that

Tomkins wanted Lo Estenfelder out of Europe from the beginning and by Mr. Riess to the effect that Gates had let Mr. Estenfelder go at the direction of Tomkins.

7.     Stephan B. Kahn, 1011 Spruce Street, Boulder, CO 80302.  Mr. Kahn may testify to statements made by Gates management about older workers, his termination, and Gates pattern and practice of age discrimination.

8.     Byron Richard, 3908 W. 102nd Avenue, Westminster, CO 80030.  Mr. Richard may testify to statements made by Gates management about older workers, his termination, and Gates pattern and practice of age discrimination.

9.     Larry Hennesy 8543 Chase Street, Arvada, CO 80003.  Mr. Hennesy may testify to statements made by Gates management about retirement and older workers, his replacement and termination, and Gates pattern and practice of age discrimination.

10.    Mr. James Hodges, 13690 W. 31st Ave., Golden, Colorado 80401.  Mr. Hodges may testify to matters relating to Mr. Estenfelder's employment during 1997, including conversations with Mr. Estenfelder, the 1997 reorganization, and any other issues addressed in his deposition. Mr. Hodges would be called as an adverse witness.   Plaintiff will present his testimony live or by deposition.  Defendant objects to the presentation of this witnesses' testimony by deposition on the grounds that such testimony is not admissible under F. R. Evid.  801 or 804.

11.    Mr. Ralph Rivera, Gates Rubber Co., Denver, Colorado 80209.  Mr. Rivera may testify to matters relating to Mr. Estenfelder's employment during 1997, including conversations with Mr. Estenfelder, the 1997 reorganization, and any other issues addressed in his deposition.  Mr. Rivera would be called as an adverse witness.   Plaintiff will present his testimony live or by

deposition. Defendant objects to the presentation of this witnesses' testimony by deposition on the grounds that such testimony is not admissible under F. R. Evid. 801 or 804.

12.     Mr. Jay Schmelter, Gates Rubber Co., Denver, Colorado 80209. Mr. Schmelter may testify regarding Gates benefits, communications with Mr. Estenfelder, and any other issues addressed in his deposition. Mr. Schmelter would be called as an adverse witness. Plaintiff will present his testimony live or by deposition. Defendant objects to the presentation of this witnesses' testimony by deposition on the grounds that such testimony is not admissible under F. R. Evid. 801 or 804.

13.     Mr. Ed Heath, 4272 E. Orchard, Littleton, Colorado 80121. Mr. Heath may be called to testify regarding conversations with Gates executives shortly after the January 1997 Columbine meeting to the effect that Mr. Estenfelder was being pushed out of the company and regarding the involvement of Tomkins and executives from Tomkins in the 1997 reorganization.

14.     Ms. Christine Watson, 735 Monroe Street, Denver, Colorado 80206. Ms. Watson will testify concerning the 1997 reorganization, discussions with and company actions regarding Mr Estenfelder in 1997, efforts to replace Mr. Estenfelder, comments by Mr. Bell about Mr. Estenfelder, actions by Mr. Bell demonstrating favoritism toward younger workers, changes in corporate culture after Tomkins acquired Gates, her departure from Gates and separation agreement, and the company's expectation that senior executives will retire by age 65.   Ms. Watson will be called as an adverse witness.   Plaintiff will present her testimony live or by deposition. Defendant objects to the presentation of this witnesses' testimony by deposition on the grounds that such testimony is not admissible under F. R. Evid. 801 or 804.

15.    Any witnesses endorsed by Defendant or identified by Defendant in its disclosures and discovery response, and any witness disclosed by further discovery.

16.    Any witness necessary for rebuttal or impeachment purposes.

17.    Any witness necessary to authenticate any document.

**A.    Plaintiff's expert witnesses.**

1.    Plaintiff will call Dr. Patricia Pacey, Pacey Economics, Inc, 6688 Gunpark Drive, Suite 200, Boulder, CO 80301, to testify as an expert economist with respect to Plaintiff's economic damages, in accordance with her revised report, which may be further revised as to interest and present value calculations once a trial date is determined.

**A.    Defendant's non-expert witnesses who will testify.**

1.    Plaintiff Lothar Estenfelder. Mr. Estenfelder will testify regarding all matters relating to this action, his Complaint in this action, the facts and circumstances surrounding his separation of employment, and any damages he seeks. Mr. Estenfelder is expected to testify in person.

2.    John Riess, 2717 Castle Glen Drive, Castle Rock, Colorado 80104. Mr. Riess will testify concerning all matters in this case including all communications he had with Plaintiff, the acquisition of Gates by Tomkins, the restructuring of the Gates operations, the facts and circumstances surrounding Plaintiff's separation of employment from Gates, all matters in his deposition and all other matters at issue in this case. Mr. Riess is expected to testify in person.

3.    Dennis Ahlman, 4690 W. Geddes Ave., Littleton, Colorado 80128-2518. Mr. Ahlman will testify concerning all matters at issue in this case including all communications he had with Plaintiff, the acquisition of Gates by Tomkins, the restructuring of the Gates operation, the facts

and circumstances surrounding Plaintiff's separation of employment from Gates, all matters in his deposition and all other matters at issue in this case. Mr. Ahlman is expected to testify in person.

4.     Jim Nelson, Lindquist & Vennum, P.L.L.P, 600 17th. Street, Suite 1800-S, Denver Co. 80202-5441. Mr. Nelson will testify concerning all matters at issue in this case including all communications he had with Plaintiff, the acquisition of Gates by Tomkins, the restructuring of the Gates operation, the facts and circumstances surrounding Plaintiff's separation of employment from Gates, all matters in his deposition and all other matters at issue in this case. Mr. Nelson is expected to testify in person.

5.     Al Stecklein, c/o The Gates Corporation, 1551 Wewatta St. Denver, Colorado 80202. Mr. Stecklein will testify concerning all matters at issue in this case including all communications he had with Plaintiff, the acquisition of Gates by Tomkins, the restructuring of the Gates operation, the facts and circumstances surrounding Plaintiff's separation of employment from Gates, all matters in his deposition and all other matters at issue in this case. Mr. Stecklein is expected to testify in person.

6.     Richard Bell, c/o The Gates Corporation, 1551 Wewatta Street, Denver, Colorado 80202. Mr. Bell will testify concerning all matters at issue in this case including all communications he had with Plaintiff, the acquisition of Gates by Tomkins, the restructuring of the Gates operation, the facts and circumstances surrounding Plaintiff's separation of employment from Gates, all matters in his deposition, all payments made to Plaintiff and all other matters at issue in this case. Mr. Bell is expected to testify in person.

7.      Robert Muddimer, the Old Vicarage, Church Street, Billesdon, Leicester LE& 9AE. Mr. Muddimer will testify concerning all matters at issue in this case including all communications he had with Plaintiff, the acquisition of Gates by Tomkins, the restructuring of the Gates operation, and all other matters at issue in this case.  Mr. Muddimer is expected to testify by deposition.

8.      Mr. Ian Duncan, Durham House, Durham Place, London SW3 4ET, 011 44 207 352 6248.  Mr. Duncan will testify concerning Plaintiff's employment, communications he had with Plaintiff, statements and actions by Plaintiff, the acquisition of Gates by Tomkins, the facts and circumstances surrounding Plaintiff's separation of employment from Gates, and other allegations in Plaintiff's Complaint.

9.      Mr. Julian Shaw, Linnets, Shute Road, Kolmington, Exminster, Devon EX 13 7ST, 011-44 1297-63-1063.  Mr. Shaw will testify concerning Plaintiff's employment, communications he had with Plaintiff, statements and actions by Plaintiff, the acquisition of Gates by Tomkins, the facts and circumstances surrounding Plaintiff's separation of employment from Gates, and other allegations in Plaintiff's Complaint.  Mr. Shaw is expected to testify by deposition.

10.     Any witnesses endorsed by Plaintiff or identified by Plaintiff in his disclosures and discovery responses.

11.     Any custodian for Plaintiff's medical records.

12.     Any custodian for Plaintiff's employment records.

13.     Any witness disclosed by further discovery.

14.     Any witness necessary for rebuttal or impeachment purposes.

15.     Any witness necessary to authenticate any document.

E.   **Defendant's non-expert witnesses who may testify.**

1.   James Hodges, 13690 West 31st Avenue, Golden Co. 80401. Mr. Hodges will testify concerning all matters at issue in this case including all communications he had with Plaintiff, the acquisition of Gates by Tomkins, the restructuring of the Gates operation, the facts and circumstances surrounding Plaintiff's separation of employment from Gates, all matters in his deposition and all other matters at issue in this case.

2.   Ralph Rivera, 22 Falcon Hills Drive, Highlands Ranch, Co. 80126. Mr. Rivera will testify concerning all matters at issue in this case including all communications he had with Plaintiff, the acquisition of Gates by Tomkins, the restructuring of the Gates operation, the facts and circumstances surrounding Plaintiff's separation of employment from Gates, all matters in his deposition and all other matters at issue in this case. Mr. Rivera is expected to testify in person.

3.   Marshall Wallach, The Wallach Co., 1401 17th Street, Suite 750, Denver, Colorado 80202. Mr. Wallach will testify concerning communications that he had with Plaintiff, the acquisition of Gates by Tomkins, all matters in his deposition and other matters at issue in this case. Mr. Wallach is expected to testify in person.

4.   Jay Schmelter, 6102 Willowbrook Drive, Morrison Co. 80465. Mr. Schmelter will testify concerning all matters at issue in this case including all conversations he had with Plaintiff, the acquisition of Gates by Tomkins, the retirement discussions he had with Plaintiff, all matters in his deposition and retirement calculations he did for Plaintiff. Mr. Schmelter is expected to testify in person.

## 8. DISCOVERY

Discovery has been completed, except that ~~Magistrate Judge Coan may order that Gates may~~ ~~redepose Dr. Pacey. In the event that~~ Estenfelder's pending Motion to Allow Updates to Damages Calculations By Plaintiff's Damages Expert ~~is~~ granted. Defendant asserts that it has not received

*[handwritten annotations: "who? a may re depose Pacey re: updates."]*

updated disclosures from Plaintiff regarding his mitigation efforts as well as all income received

by him since the date of Plaintiff's deposition. Estenfelder asserts that no updated disclosures are

required, nor has Defendant raised this issue prior to June 16, 2005, nor has Defendant updated

its disclosures regarding compensation of executives subsequent to Estenfelder's termination,

including, without limitation, stock option plans. Defendant asserts that Plaintiff has never raised

the issue of executive compensation, including stock option plans at any time prior to June 17,

2005.

## 9. SPECIAL ISSUES

In separate proceedings between these parties in Belgium, the Court issued a final judgment

in December 2004. Gates asserts that it has previously paid Plaintiff 39 weeks of severance pay

pursuant to the judgment in the Belgian action, and it will request that the Court determine the

effect of this payment and judgment on the issues in this action. Estenfelder responds that the

Court has already ruled with respect to the effect of the Belgian action on this case, and the parties

filed their stipulation regarding procedure for determination of damages in this action in light of

the Belgian judgment, on or about October 1, 2003.

## 10. SETTLEMENT

a.       The parties met in person on April 3, 2000, to discuss in good faith the settlement

of the case. _and m August 30, 2001 with the undersigned magio hail judge._

b.       The participants in the settlement conference included counsel, Plaintiff, and Mary

Kloepfer, Assistant Secretary and Corporate Counsel for Gates.

c.       The parties were promptly informed of all offers of settlement.

D.       It appears from the discussion by all counsel that there is some possibility of

settlement.

E.       A further settlement conference before the magistrate judge is scheduled for

_August 24, 05_ _at 3 pm._ however, a JAG mediation has been scheduled for July 21, 2005.

_11, Suts Representative & attorney. Statements by 8-19-05._

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provisions of rule 68 of the Federal Rules of Civil

Procedure (Offer of Judgment) and have discussed it with the clients against whom claims are made

in this case.

## 12. EFFECT OF PRETRIAL OFFER

Hereafter, this Pretrial Order will control the subsequent course of this action and the trial,

and may not be amended except by consent of the parties and approval by the court or by order of

the court to prevent manifest injustice.  The pleadings are deemed merged herein.  This Pretrial

Order supersedes the Scheduling Order.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

Trial is to a jury and is expected to take three weeks.  There will be a Final Trial

Preparation Conference on August 16, 2005, at 8:00 am.

DATED this 22nd day of June, 2005.

BY THE COURT:

S/ PATRCIA A COAN
PATRICIA A COAN, United States Magistrate Judge

PRETRIAL ORDER SUBMITTED:

Brent T. Johnson
Fairfield and Woods, P.C.
Wells Fargo Center
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524
(303) 830-2400
ATTORNEY FOR PLAINTIFF

Janet A. Savage
Brett C. Painter
Davis, Graham & Stubbs, LLP
1550 17th Street, Suite 500
Denver, CO 80202
(303) 892-9400
ATTORNEYS FOR DEFENDANT