IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 99-CV-00896-MSK-PAC

LOTHAR ESTENFELDER,

Plaintiff,

vs.

THE GATES CORPORATION, d/b/a GATES RUBBER COMPANY,

Defendant.

**ORDER GRANTING Plaintiff's Motion to Amend Pretrial Order (Unopposed in Part, Opposed in Part)**

Order Entered by Magistrate Judge Patricia A. Coan

THE MATTER before the Court is Plaintiff's Motion to Amend Pretrial Order (Unopposed in Part, Opposed in Part) filed August 1, 2005.  The Court has reviewed the motion and the Court's file and does not consider a response to be necessary.  *See* D.C. Colo. L. Civ.R. 7.1.C.

Plaintiff moves to clarify the revised final pretrial order, entered on June 22, 2005, to ensure that plaintiff's claim for severance benefits or pay is specifically included and his claim for reinstatement is deleted.  Gates does not oppose deletion of the request for reinstatement but does object to the express inclusion of a denial of severance pay claim.

The standard for modifying a final pretrial order is to prevent manifest injustice to the

moving party. *Koch v. Koch industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000); and see Fed.R.Civ.P. 16(e) ("The order following a final pretrial conference shall be modified only to prevent manifest injustice."). The burden of demonstrating manifest injustice falls upon the party moving for modification. *Koch*, 203 F.3d at 1222.   (internal citation omitted).

A motion to amend the final pretrial order is committed to the district court's sound discretion. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236 (10th Cir. 2000). Factors relevant in the exercise of that discretion include: "(1)prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Koch*, 203 F.3d at 1222 (citations omitted).

Here, I do not find prejudice to the defendant since defendant was on notice of the severance pay issue throughout this case.  Plaintiff put defendant on notice that he was claiming severance pay in his EEOC charge and in his Complaint, *see* Plaintiff's Motion at 4, and  his damages expert included a calculation of damages plaintiff "would have received but for Gates' recision of the severance package offer." *See id.*  Gates further has deposed plaintiff's expert economist about severance pay issues. *See* Pl. Motion, Ex. C, at 63-68.  Gates has filed a motion in limine and a renewed motion in limine to exclude evidence of severance pay to other employees.  *See* Docket ## 184 and 279. Gates's Reply in support of its renewed motion in

limine, filed July 22, 2005, docket no. 299, argued against the admission of other employees' experiences with severance pay.

Accordingly, I find that Gates has been preparing this case for trial and defending against a number of claims, including a claim that plaintiff was denied severance pay, all along. I do not find that Gates is prejudiced by the inclusion of the explicit reference to severance pay in the final pretrial order. Finding no prejudice, the second part of the test- the ability to cure the prejudice- is moot since defendant has engaged in discovery relating to the severance pay issue. Third, there is no disruption to the proceedings, since both parties have filed pleadings addressing severance pay thereby acknowledging that damages claim as if it had been specifically listed in the final pretrial order. And finally, I find no evidence of bad faith on plaintiff's counsel's part. All four factors of the *Koch* test therefore weigh in favor of plaintiff.

I further find that if plaintiff were not permitted to expressly list denial of severance pay in the final pretrial order, he would eliminate a claim for a significant sum of money damages to his detriment and that manifest injustice would result.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Amend Pretrial Order (Unopposed in Part, Opposed in Part) filed August 1, 2005 is **GRANTED**.   Section 3(A) of the revised Pretrial Order, which is docket number 267, is amended to read as set forth in Exhibit A to the Motion to

Amend Pretrial Order.

Dated this 9th day of August, 2005.

>BY THE COURT
>s/Patricia A. Coan
>Patricia A. Coan
>United States Magistrate Judge