UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 99-cv-00896-MSK-PAC

LOTHAR ESTENFELDER,

     Plaintiff,

v.

THE GATES CORPORATION d/b/a GATES RUBBER COMPANY,

     Defendant.

---

### ORDER DENYING MOTION TO MODIFY HEARING TIME

---

**THIS MATTER** comes before the Court pursuant to the Defendant's Unopposed Motion to Change Hearing Time (**# 374**).

As the time for filing post-trial motions has passed, and neither party has filed any additional motions, the Court has reviewed the proceedings to date and concluded that the re are two issues remaining to be addressed: the disposition of the promissory estoppel claim, and determination of that portion of the Defendant's Motion *In Limine* to Offset and Limit Plaintiff's Lost Wages (**# 281**) on which the Court reserved ruling at the Trial Preparation Conference. *See Docket* # 335.

The parties have not indicated to the Court whether they anticipate that resolution of the promissory estoppel claim will require an evidentiary presentation, or whether the parties believe that all evidence relevant to that claim has been presented during the trial and that only argument on the claim is necessary. Assuming the former, it is also unclear to the Court whether the parties

intend to be prepared to make supplemental evidentiary presentations at the hearing scheduled for October 7, 2005, or whether they merely intend to use that hearing to schedule such a presentation for the future.  Finally, the Defendant has not indicated whether the client representative who is unavailable for the October 7, 2005 hearing is necessary for such an evidentiary presentation.

With regard to the issue concerning the effect of the Belgian award, the Court is equally unsure as to whether the parties anticipate an evidentiary presentation, or whether all of the relevant information can be stipulated.  Assuming an evidentiary presentation is required, it is not clear whether the Defendant's client representative will be called as a witness.

In either event, the Court finds no good cause to modify the hearing date at this time.[1] The October 7, 2005 hearing will commence as scheduled at 1:30 p.m., at which time the Court will take up any non-evidentiary matters that must be addressed.[2]  To the extent that the client

---

[1]The Defendant argues that good cause is shown because the hearing "constitutes part of the trial and affects the overall outcome of the trial."  The Court notes that the Defendants do not contend that a client representative has some particular entitlement to be present for all phases of the trial (assuming, without necessarily holding, that the instant hearing does indeed constitute "part of the trial").  Indeed, the Court observes that, at times, one of the Defendant's client representatives voluntarily left the trial proceedings to attend to personal and work-related matters.  The Defendant does not contend that the absence of a client representative at the October 7, 2005 hearing will result in any particular prejudice to the presentation and determination of the issues.  In addition, the Defendant's position that the hearing was scheduled at a time when "the parties did not have the ability to check their calendars for conflicts" is unavailing.  The Court expects that counsel will have their calendars with them at all court appearances.  It should be entirely expected by counsel that, upon return of a jury's verdict (particularly in a case such as this, where certain issues were reserved for the Court to consider following a verdict), the Court will be required to set additional hearing dates.

[2]At the hearing, the Court intends to inquire of the parties as to the possibility of settlement, now that the jury has rendered a binding verdict on the discrimination claims.  Prior to the hearing, the Defendant's counsel is encouraged to confer with both the Plaintiff's counsel and the Defendant's representative to determine whether settlement is possible, and to obtain authorization to settle the case, should agreeable terms be reached at the hearing.

representative's absence prevents complete presentation of any evidentiary matters, the Court will

conduct such proceedings as may be appropriate, and then recess until the Defendant's

representative arrives.

For the foregoing reasons, the Defendant's Motion(**# 374)** is **DENIED**.

Dated this 5th day of October, 2005.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge